WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—November, 1879.

### DAVIS *v.* DAVIS.

*In the matter of the sale of the real estate of* MARGARET SMITH, *deceased, to pay debts.*

Where, after the sale of decedent's real estate and conveyance thereof to the purchaser, the sheriff, on the day of distribution of the proceeds of the sale, exhibited to the Surrogate an execution against one who was entitled to a share of such proceeds, and asked that such share be applied on the execution, the judgment not having been docketed in the county of the Surrogate until the day of distribution, and, upon the refusal of the Surrogate, an order was obtained from the county judge for the examination of the Surrogate, and forbidding him to make any disposition of the fund,—*Held,* that while the county judge could order such examination, he had no power to restrain the disposal of the fund ; that the judgment not being a lien at the time of the sale of the premises, payment of the share must be made to the heir or to such person as may be appointed in supplementary proceedings to receive it.

GEORGE BENEDICT DAVIS, one of the heirs-at-law of the deceased, was entitled to a share of the surplus proceeds of the sale of decedent's real estate, remaining after the payment of the expenses of the proceeding and the debts. His share of such surplus

amounted to $129.22. The sale of the premises took place on April 28, 1879, and the order confirming the sale was entered on May 12, 1879, and the premises were thereafter conveyed to the purchaser and the proceeds paid to the Surrogate, September 29, 1879. On the day of distribution, to wit, November 19, 1879, the sheriff of Westchester county exhibited to the Surrogate an execution issued out of the Supreme Court in favor of Elizabeth Davis, plaintiff, against said George B. Davis, defendant, for $218.79, and asked that the share of the latter in said surplus money should be paid to him to apply on said execution. This the Surrogate declined to do. Whereupon an order was obtained from the county judge for the examination of the Surrogate before him, touching said fund, and forbidding the Surrogate to make any disposition thereof, &c., until his further order. It appears that the judgment was obtained in New York county, in July, 1871, and was not docketed in Westchester County, until said November 19, 1879.

WILSON BROWN, JR., *for judgment creditor.*

THE SURROGATE.—While the county judge has power to direct my examination as to the property of the heir in my hands, he clearly has no power to interfere with my disposal of the fund as by the statute I am directed. If, at the time of the sale of the premises, the judgment had been a lien thereon, it would have been my duty to pay the money in question to the judgment creditor. (Clocke v. Igglesden, 3 *Redf.*, 339.) But it never has been a lien, and she has never had any interest in the premises sold. (2 *R. S.*, 107, § 43.)

Whatever, therefore, may be the result of my exami-

nation, I must, nevertheless pay the money to the heir, if he present himself, or to such person as may be appointed, on supplemental proceedings, to receive it.